UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DESROY TURNER,<br><br>Petitioner,<br><br>v.<br><br>KENNETH NELSON,<br><br>Respondent. | Civil Action No. 15-573 (MCA)<br><br>MEMORANDUM OPINION |

## I. INTRODUCTION

This matter has been opened to the Court by Petitioner's filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. As explained below, the record submitted by Respondent shows that Petition is untimely under the one-year statute of limitation for the filing of federal habeas corpus petitions by state prisoners and that Ground One of the Petition is unexhausted, rendering the Petition mixed. At this time, the Court will dismiss the Petition without prejudice as untimely and direct the Clerk of the Court to administratively terminate this action. As explained below, the Court will provide Petitioner with 30 days within which to move to reopen this matter and submit any additional arguments and documentation with respect to (1) equitable tolling, (2) the exhaustion of Ground One, and (3) his assertion(s) of actual innocence.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

A grand jury indicted defendant Turner for first-degree murder, N.J.S.A. 2C:11–3a(1) or N.J.S.A. 2C:11–3a(2) (count one); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39–4a (count three); and third-degree unlawful possession of a weapon,

N.J.S.A. 2C:39–5b (count five).[1] *See State v. Turner*, No. A-4167-11T3, 2014 WL 1613454, at *1 (N.J. Super. Ct. App. Div. Apr. 23, 2014). The charges stemmed from defendant's involvement in the shooting death of Mario Minto in a nightclub where defendant's entertainment company was providing music for a party. *Id.* Defendant's theory of the case was that Christopher Hall shot Minto; however, an eyewitness, Romeo Prince, testified at trial that defendant shot the victim. *Id.*

Following a jury trial, defendant was convicted on count one of the lesser charge of aggravated manslaughter, and on counts three and five. At sentencing, the trial judge merged count three into count one, and imposed a twenty-one year term of imprisonment with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43–7.2. On count five, the judge imposed a consecutive five-year term of imprisonment with a one-year period of parole ineligibility. *Id.*

Defendant appealed, and on June 10, 2008, the Appellate Division affirmed his conviction and sentence.[2] *State v. Turner*, 2008 WL 2339826, *7 (App. Div. June 10, 2008). There is no record that Petitioner filed a petition for certification with the New Jersey Supreme Court.[3]

---

[1] The grand jury also indicted defendant for second-degree certain persons not to possess weapons, N.J.S.A. 2C:39:7 (count seven). He was acquitted of that charge. *See id.* at n.1

[2] Among other issues, Petitioner argued for the first time on appeal that the verdict was against the weight of the evidence. The Appellate Division concluded that Petitioner's weight of the evidence argument lacked merit because "[t]he jury's verdict was grounded on its assessment of witness credibility. The jury believed Prince that defendant shot Minto." *Id.* at *5-6. Petitioner raises the weight of the evidence argument as Ground One of the instant Petition.

[3] Petitioner appears to state in his Petition that he did file a petition for certification but states that the case number and result is "unavailable at this time." (ECF No. 1, Pet. at 3.) In the Answer, Respondent states that it was informed by the New Jersey Supreme Court's Clerk's Office on February 12, 2018 that there is no record of a petition for certification in connection with Petitioner's direct appeal. (ECF No. 11-1, Respondent's brief at ¶ 3.)

On March 4, 2010, defendant filed a PCR petition contending that trial counsel rendered ineffective assistance by failing to: (1) communicate with him about and independently investigate Hall in order to strengthen the third-party guilt defense; (2) request an interpreter at trial; (3) file several pre-trial motions; (4) retain an expert regarding his background and mental history; (5) object to the prosecutor's Brady violation; and (6) file a motion for a new trial. Defendant contended that trial counsel was deficient at sentencing for failing to properly argue aggravating and mitigating factors and zealously advocate for the minimum sentence. Defendant also argued that appellate counsel rendered ineffective assistance by failing to raise meritorious issues on appeal. *Id.* On August 9, 2011, the PCR court issued a written opinion denying the petition without an evidentiary hearing. (ECF No. 9-116.) Petitioner appealed, and on April 23, 2014, the Appellate Division affirmed the denial of PCR. *State v. Turner*, No. A-4167-11T3, 2014 WL 1613454, at *2 (N.J. Super. Ct. App. Div. Apr. 23, 2014). The Supreme Court denied certification on December 16, 2014. *State v. Turner*, 220 N.J. 207 (2014).

The instant habeas petition was executed on January 21, 2015. (ECF No. 1, Pet. at 17.) The Petition raises two grounds for relief. Ground One of the Petition alleges that the verdict was against the weight of the evidence and Ground two asserts claims of ineffective assistance of counsel. Respondent has submitted the Answer to the Petition in which it argues that (1) the Petition is untimely, that (2) Petitioner's sufficiency of the evidence claim is unexhausted, and that (3) the Petition fails on the merits.

### III. ANALYSIS

#### a. Timeliness

Based on the record provided by Respondent, the Petition is untimely as Petitioner waited more than one year to file his PCR after the conclusion of direct review. Under AEDPA,

Congress prescribed a one-year period of limitation for the filing of federal habeas corpus petitions by state prisoners. *See Douglas v. Horn*, 359 F.3d 257, 261 (2004); 28 U.S.C. § 2241(d)(1). Pursuant to 28 U.S.C. § 2241(d)(1), [t]he limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review <u>or</u> the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(emphasis added.) Under 28 U.S.C. 2241(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." This exception to the one-year limitation period is known as statutory tolling and provides that the one-year limitations period is tolled during the time a properly filed application for post-conviction relief is pending. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003). A petitioner is only entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d) (2) for the time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2). To fall within the AEDPA tolling provision, the petition for state post-conviction review must have been both pending and properly filed. *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir.), *cert. denied, Horn v.*

4

*Fahy*, 534 U.S. 944 (2001).[4]

Here, the New Jersey Appellate Division denied Petitioner's direct appeal on June 10, 2008, and, as noted by Respondent, there is no record that Petitioner filed a petition for certification to the New Jersey Supreme Court in connection with his direct appeal.[5] Under N.J. Ct. R. 2:12-3, "[i]f certification is sought to review a final judgment of the Appellate Division, the petitioner shall, within 20 days after its entry, serve a copy of a notice petition for certification upon all parties . . . and shall file the original notice with the Clerk of the Supreme Court[.]" Thus, because the time for seeking review of the Appellate Division's June 10, 2008 judgment expired 20 days after the Appellate Division issued its decision, Petitioner's judgment of conviction became final for purposes of AEDPA on June 30, 2008. The one-year limitations period began to run on July 1, 2008 and expired on July 1, 2009. Petitioner did not file his petition for post-conviction relief until March 4, 2010; as such, based on the record before the Court, 611 days elapsed between the conclusion of Petitioner's direct appeal and the filing of his PCR petition.[6] Because the one-year limitations period expired long before Petitioner filed his PCR, the instant Petition is untimely unless Petitioner can establish that he is entitled to equitable tolling of the limitations period.

---

[4] An application for post-conviction relief is considered "pending" within the meaning of § 2244(d)(2) during the period between a lower state court's ruling and the period a petitioner has to seek review of the decision, whether or not the appeal was actually sought. *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000). However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one-year state of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. D.A. of the County of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

[5] As such, Ground One of the Petition, which asserts a sufficiency of the evidence argument appears to be unexhausted.

[6] Even if the Court were to add 90 days to the start of the limitations period (the period in which Petitioner could seek certiorari), the one-year period elapsed prior to Petitioner's filing of his PCR.

In addition to statutory tolling, the courts have also recognized that the statute of limitations may be equitably tolled where extraordinary circumstances so warrant. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). Equitable tolling should be granted sparingly and only when the principles of equity would make the rigid application of a limitation period unfair. *See Thomas*, 713 F.3d at 174 (citing *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). A petitioner must establish that he has diligently pursued his rights and that extraordinary circumstances stood in his way and prevented timely filing in order to be eligible for equitable tolling. *Id.* (citing *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562–63 (2010)). Mere excusable neglect is not sufficient. *Id.*

The Petition does not provide any basis for equitable tolling for the period between July 1, 2008, when Petitioner's time to file a petition for certification expired, and March 4, 2010, when he filed his PCR petition. Indeed, Petitioner incorrectly states in his Petition that "[P]etitioner[']s case has been continuously active in litigation throughout the state court process[.]" (ECF No. 1, Pet. at 14.)

Based on the record provided by Respondent, the Court will dismiss the Petition without prejudice as untimely and direct the Clerk of the Court to administratively terminate this matter for docket management purposes. Within 30 days of his receipt of this Memorandum Opinion and Order, Petitioner may move to reopen this matter and submit any arguments he has in support of equitable tolling, along with any relevant supporting documentation.

### b. Exhaustion of Ground One – Sufficiency of the Evidence Claim

Furthermore, to the extent Petitioner chooses to make arguments in support of equitable tolling, he must also show cause as to why his Petition should not be dismissed as a mixed petition, *i.e.*, a Petition containing exhausted and unexhausted claims.

6

Petitioner appears to state in his Petition that he filed a petition for certification with respect to his direct appeal but states that the case number and result is "unavailable at this time." (ECF No. 1, Pet. at 3.) In the Answer, Respondent states that it was informed by the New Jersey Supreme Court's Clerk's Office on February 12, 2018 that there is no record of a petition for certification in connection with Petitioner's direct appeal. (ECF No. 11-1, Respondent's brief at ¶ 3.)

Under AEDPA, this Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "Fair presentation means that a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted). In sum, the exhaustion doctrine requires the petitioner to afford the state courts "the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief." *Id.* (quoting *Zicarelli v. Gray*, 543 F.2d 466, 472 (3d Cir. 1976)); *see also Gould v. Ricci*, No. CIV. 10-1399 NLH,

2011 WL 6756920, at *2 (D.N.J. Dec. 19, 2011) (explaining same). The exhaustion doctrine thus requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground that is raised in the petition to all three levels of the New Jersey courts, that is, the Law Division, the Appellate Division, and the New Jersey Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982).

If Petitioner chooses to submit arguments in support of equitable tolling, he must provide cause for his failure to exhaust Ground One of the Petition and/or provide documentation showing his efforts to exhaust this ground for relief.

### c. Assertion of "Actual Innocence"

Finally, in his supporting memorandum, Petitioner states that "[t]he undertone of this petition is actual innocence" and that he was "wrongly convicted based upon insufficient evidence and ineffective assistance of counsel." (ECF No. 1-1, at 6.) Currently, the Supreme Court treats actual innocence based on newly discovered evidence as a gateway for consideration of procedurally defaulted claims. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *Schlup v. Delo*, 513 U.S. 298, 327–29 (1995) (requiring a showing "that it is more likely than not that no reasonable juror would have convicted [the petitioner] in the light of the new evidence"). Thus, actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup v. Delo*, 513 U.S. 298 (1995) and *House v. Bell*, 547 U.S. 518 (2006), or expiration of the AEDPA statute of limitations, as in *McQuiggin v. Perkins*, 569 U.S. 383 (2013). Here, Petitioner has not met the threshold requirements for an actual innocence claim. Notably, "'[t]o be credible' a gateway claim requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—<u>that was not presented at trial</u>,'" *House*, 547 U.S. at 537 (emphasis

8

added) (citing *Schlup* 513 U.S. at 324). Here, however, Petitioner has not cited to any <u>new reliable evidence</u>, but merely challenges the sufficiency of the evidence <u>at trial</u> (Ground One) and the effectiveness of his attorney (Ground Two). Thus to the extent Petitioner is attempting to overcome procedural hurdles such as exhaustion or timeliness by asserting his actual innocence, he has not set forth sufficient facts for such a gateway claim. If Petitioner moves to reopen this matter within the time specified by the Court, he is free to set forth any additional facts and documentation in support of his actual innocence claim.

## IV.  <u>CONCLUSION</u>

For the reasons set forth in this Memorandum Opinion, the Petition is dismissed <u>without prejudice</u> as untimely. The Court will administratively terminate this action at this time and provide Petitioner with 30 days in which to move to reopen this matter and submit his arguments regarding equitable tolling, his failure to exhaust Ground One of the Petition, and/or his actual innocence. Petitioner shall support his arguments with appropriate documentation. If Petitioner timely responds to the Court's Order, the Court will reopen the matter to address Petitioner's arguments. If Petitioner does not respond to the Court's Order within the time period provided, the Court will reopen the matter and dismiss the Petition with prejudice. An appropriate Order follows.

<u>Madeline Cox Arleo, District Judge</u>
United States District Court